# IN THE SUPREME COURT OF IOWA

No. 17–1979

Filed February 14, 2020

**33 CARPENTERS CONSTRUCTION, INC.,**

Appellant,

vs.

**THE CINCINNATI INSURANCE COMPANY,**

Appellee.

_____

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Scott County, Henry W. Latham II, Judge.

Residential contractor lacking public adjuster license seeks further review of court of appeals decision affirming summary judgment that dismissed its breach of contract claim against homeowners' insurer. **DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**

Kyle J. McGinn and Edward F. Noethe of McGinn, Springer & Noethe PLC, Council Bluffs, for appellant.

Sean O'Brien and Catherine Lucas (until withdrawal) of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellee.

**PER CURIAM.**

On March 15, 2016, a hailstorm and windstorm damaged Gregg Whigham's residence in Bettendorf. Whigham had a homeowners' insurance policy with the Cincinnati Insurance Company (Cincinnati). Whigham and 33 Carpenters Construction, Inc. (33 Carpenters) entered into an agreement under which 33 Carpenters would repair the storm damage to Whigham's home in exchange for Whigham's insurance proceeds.

On October 6, a 33 Carpenters representative, Tony McClanahan, and Whigham called Cincinnati to report the storm damage to the siding and roof of Whigham's home. During this call, McClanahan informed Cincinnati that he was Whigham's contractor and would attend Cincinnati's inspection of Whigham's home. Four days later, Whigham and McClanahan signed an "Assignment of Claim and Benefits," which stated,

> FOR VALUE RECEIVED, Assignor [Gregg Whigham] hereby sells and transfers to the Assignee [33 Carpenters] and its successors, assigns and personal representatives, any and all claims, payment drafts, demands, and cause or causes of action of any kind whatsoever which the Assignee [33 Carpenters] has or may have against <u>Cincinnati Insurance</u> (insurance company), arising from the following claim [for storm damage.]

This document further stated that 33 Carpenters "may in its own name and for its own benefit prosecute, collect, settle, compromise and grant releases on said claim as it, in is sole discretion, deems advisable" and that "all future payments or settlements for the above referenced claim" should be made directly to 33 Carpenters. The same day, Whigham submitted an insurance claim for damage to his residence. Cincinnati investigated the claim, prepared an estimate for the cost of repairing the damage, and made a payment to Whigham that autumn.

In February 2017, 33 Carpenters contacted Cincinnati to dispute the insurer's estimate of the repair cost and requested a new estimate that would include the cost of replacing all of the home's siding and gutters. Cincinnati responded that it would address any differences directly with its insured, Whigham, rather than 33 Carpenters. On March 13, 33 Carpenters filed this civil action against Cincinnati claiming the insurer breached Whigham's insurance policy by "failing to pay '33 Carpenters' all benefits due and owing under the policy" that had been assigned to it. 33 Carpenters elected to bring the suit as an expedited civil action under Iowa Rule of Civil Procedure 1.281. Whigham was unaware of this lawsuit.

Cincinnati's answer denied the claims and raised affirmative defenses. On April 5, Cincinnati filed a counterclaim for declaratory judgment against 33 Carpenters, arguing the assignment was invalid because it effectively allowed 33 Carpenters to act as an unlicensed public adjuster in violation of Iowa Code chapter 522C (2016).

On August 3, Cincinnati filed a motion for summary judgment. Cincinnati noted that 33 Carpenters' website outlined its six-step process that described the work of a public adjuster, that its actions aligned with that of a public adjuster, and that 33 Carpenters maintained a contractor license while neither it nor its employees had a public adjuster's license. Cincinnati argued summary judgment was appropriate given that the assignment contract at issue was invalid because 33 Carpenters violated Iowa Code sections 507A.3, 507A.5, and 522C.4 by acting as an unlicensed public adjuster. 33 Carpenters countered that only the Iowa Insurance Commissioner could enforce chapter 522C and that the assignment contract was a valid postloss assignment.

On October 30, 33 Carpenters filed a motion to compel appraisal. Cincinnati disputed the need for an appraisal given that the homeowner

had accepted its scope of repairs. On November 28, the district court granted summary judgment, concluding "[t]he purported assignment of Whigham's insurance claim to 33 Carpenters must be deemed invalid because it violates Iowa's licensure requirement for public adjusters." In doing so, the district court found that 33 Carpenters' website included advertisements to advocate on an insured's behalf, 33 Carpenters attempted to aid Whigham in negotiations with Cincinnati, and 33 Carpenters demanded to be present for Cincinnati's investigation of Whigham's home and conducted its own investigation. The district court determined the assignment must be invalid because otherwise it effectively allowed 33 Carpenters to act as a public adjuster without the required license. Therefore, the court entered summary judgment for Cincinnati.

33 Carpenters appealed, and we transferred the case to the court of appeals. The court of appeals rejected 33 Carpenters' argument that the dispute must be heard by the Iowa Insurance Commissioner and concluded, "[T]he statutes do not limit our authority to apply the law to the facts before us in order to resolve the legal dispute presented to us as a result of the lawsuit filed by 33 Carpenters." The court of appeals found that "there is no genuine issue of fact that 33 Carpenters was acting for and aiding Whigham in negotiating for and attempting to effect a settlement of Whigham's first-party insurance claim for loss to his home insured by Cincinnati." Therefore, it determined that 33 Carpenters was operating as an unlicensed public adjuster in violation of Iowa Code section 522C.4, and the assignment contract was unenforceable. The court of appeals affirmed the summary judgment in favor of Cincinnati.

We adjudicated the validity of such an assignment in a decision we also file today, *33 Carpenters Construction, Inc. v. State Farm Life & Casualty Co.*, ___ N.W.2d ___, ___ (Iowa 2020). There, we held that an

assignment contract entered into by a residential contractor acting as an unlicensed public adjuster was void under Iowa Code section 103A.71(5). For the reasons set forth in that opinion, we hold that Whigham's assignment to 33 Carpenters is void and unenforceable under section 103A.71(5), and we reject the argument that the Iowa Insurance Commissioner has sole authority to enforce the licensing requirements for public adjusters. We affirm the decision of the court of appeals and district court.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**

All justices concur except McDonald, J., who takes no part.

This opinion shall be published.